STAYED   JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1891 AG (ANx)** | Date | June 15, 2012 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   **[IN CHAMBERS] ORDER DENYING MOTION TO DISMISS; GRANTING MOTION FOR STAY**

This case is a putative class action brought on behalf of investors in eleven related limited partnerships ("Partnerships") with rights to explore and develop various oil and gas fields in Colorado. The Partnerships' general manager, Petroleum Development Corporation ("PDC"), decided to offer cash-out mergers to the Partnerships. Plaintiffs claim that the related Proxy Statements ("Prox(ies)") omitted and misrepresented material information about the Partnerships' financing structure and about the true value of the Partnerships' oil and gas reserves. Plaintiffs allege that these misrepresentations allowed Defendants to cash out Plaintiffs at grossly unfair prices.

Defendants now bring a Motion to Dismiss ("Motion to Dismiss"). Defendants insist that the affirmative statements in the Proxies were accurate in all material respects. They argue that the decision to omit certain information did not misrepresent the value of the Partnerships or their ability to finance future operations. In the alternative, Defendants move to stay this action ("Motion to Stay") pending valuation proceedings currently underway in West Virginia.

STAYED        JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1891 AG (ANx)** | Date | June 15, 2012 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

Plaintiffs' allegations are sufficient to withstand Defendant's attack. The Court DENIES Defendants' Motion to Dismiss.

At the oral hearing on Defendant's Motions, Plaintiffs cited numerous cases regarding the Motion to Stay not previously cited in their papers. Defendants asked the Court to allow it to submit further briefing if it was inclined to consider these cases. The Court allowed supplemental briefing from both sides. Having considered the supplemental briefing, as well as additional oral argument provided on June 11, 2012, the Court now DENIES Defendants' Motion to Stay.

**BACKGROUND**

The following facts are taken from Plaintiffs' Complaint ("Complaint"). The Court assumes, as it must, that these facts are true for the purposes of this Motion. Where appropriate, the Court also includes other facts that it is permitted to consider.

Defendant PDC is a "domestic independent natural gas and crude oil company," that owns and operates natural gas and crude oil properties in the Colorado region. (Compl. ¶ 2.) To raise capital to finance the acquisition and development of these properties, PDC formed numerous limited Partnerships. (Compl. ¶ 2.) Plaintiffs bring this putative class action on behalf of the 10,868 persons ("Limited Partners") who collectively invested over $294 million to get an interest in eleven Partnerships. (Compl. ¶ 21.)

The Limited Partners received cash distributions based on production from the leaseholds and interests owned by each Partnership. (Compl. ¶ 25.) PDC represented to the Limited Partners that they would continue to receive distributions as long as revenue from the wells exceeded expenses incurred during drilling. (Compl. ¶ 25.) At the time of the Proxy solicitation, PDC had been holding back a certain percentage of the distributions "to build a cash reserve for drilling operations that PDC did not plan to conduct on behalf

STAYED  JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1891 AG (ANx)** | Date | June 15, 2012 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

of the Partnerships." (Compl. ¶ 36.) By holding back these distributions, PDC "artificially depressed distributions" to the Limited Partners. (Compl. ¶ 36.)

Plaintiffs allege that PDC developed a scheme to reacquire the Partnerships via cash-out mergers. (Compl. ¶ 2.) Because the Partnerships were registered with the SEC, PDC needed to solicit the votes of the Partnerships through Proxies that complied with section 14 of the Securities and Exchange Act of 1934 ("1934 Act"). (Compl. ¶ 5.) Plaintiffs allege that the Proxies were false and misleading in two material respects, leading to an artificially low cash-out merger price. (Compl. ¶ 6.)

First, Plaintiffs allege that the Proxies omitted and misrepresented material information about the true value of the Partnerships' oil and gas reserves. The Proxies contained two key valuations, one for Proved Reserves ("Proved Reserves") and one for Unproved Reserves ("Unproved Reserves"). (The Complaint does not further define these terms.) PDC based the value of the Proved Reserves on a report from consulting company Ryder Scott Company, L.P. ("Ryder Scott"). (Compl. ¶ 43.) The Ryder Scott report used a future production curve that valued the Proved Reserves as of December 31, 2009. (Compl. ¶ 43.) At PDC's instruction, Ryder Scott did not estimate the value of the Unproved Reserves, although this was an option under SEC regulations. (Compl. ¶¶ 41, 43.) Instead, the Proxies arbitrarily valued the Unproved Reserves at $10,000 per drilling location, without any explanation for the basis of this valuation. (Compl. ¶ 43.)

Plaintiffs allege that these reserve valuations "failed to take into account technological developments that PDC has itself publicly touted as likely to give rise to substantially increased revenues." (Compl. ¶ 44.) These developments included vertical "infill" drilling, possible under amended local regulations permitting twice as many wells on the same amount of land. (Compl. ¶ 57.) These developments also included enhanced recovery from horizontal wells, which are wells drilled on a horizontal plane. (Compl. ¶¶ 30, 44, 54.) Plaintiffs allege that at the time of the Proxy, PDC knew that new infill and horizontal wells would substantially increase the Partnerships' oil and gas production,

STAYED  JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1891 AG (ANx)** | Date | June 15, 2012 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

and thus boosted the true cash-out price. (Compl. ¶ 30.)

Second, Plaintiffs allege that the Proxies omitted and misrepresented material information about the Partnerships' financing structure. Specifically, Plaintiffs allege that the Proxies falsely represented that the Partnership structure did not allow financing of the development of the oil and gas reserves through borrowing, self-financing, or other means. (Compl. ¶ 47.) Plaintiffs allege that "cash flow analyses in the hands of PDC, but not disclosed to the limited partners, showed that the Partnerships could self-finance the development of their ownership interests." (Compl. ¶ 47.) The artificial reduction in distributions leading up to the Proxies reinforced the false impression that the Partnership were unable to self-finance further development without an unattractive reduction in distributions. (Compl. ¶ 47.)

In the end, a majority of the Limited Partners voted to approve the cash-out mergers, and PDC paid a total of $97,000,000 for the Partnerships, which is alleged to be 34 cents on the dollar of the amount invested. (Compl. ¶ 53.)

Appraisal proceedings have begun in West Virginia, including for one of the named Plaintiffs here, Christopher Rodenfels ("Rodenfels"). (Defendants' Request for Judicial Notice "DRJN" Exs. 17-22.) The West Virginia proceedings will determine the fair value of the dissenters' partnership units. *See* W. Va. Code § 31D-13-1302 (2006).

**PRELIMINARY MATTERS**

The Court generally does not take judicial notice of documents on a motion to dismiss. The purpose of a motion to dismiss is to analyze the pleadings. Accordingly, the parties should focus their arguments on those pleadings, and not on factual arguments based on extrinsic evidence. *See, e.g., Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)) ("In ruling on a motion to

| | STAYED | | JS - 6 |
|---|---|---|---|
| | UNITED STATES DISTRICT COURT | | |
| | CENTRAL DISTRICT OF CALIFORNIA | | |

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1891 AG (ANx)** | Date | June 15, 2012 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

dismiss, a district court generally 'may not consider any material beyond the pleadings.'").

But on occasion, courts may take judicial notice of, or otherwise consider, a limited number of documents on a motion to dismiss. *See, e.g., Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987) (facts subject to judicial notice may be considered on a motion to dismiss). Courts may take judicial notice of facts not reasonably subject to dispute. *See* Fed. R. Evid. 201 "[A] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994) (overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir.2002)).

Here, Defendants asked the court to take judicial notice, or otherwise consider, 22 documents, including Proxy statements, Partnership Agreements, certain additional documents related to the cash-out merger vote, and various documents from the parallel state court proceeding. The Court finds that Documents 1-12 (the Proxy statements and Partnership Agreements) are appropriate for consideration because they are referenced in the Complaint. The Court finds that Documents 17-22 (the West Virginia court documents) are appropriate for judicial notice because they are public court documents not subject to reasonable dispute. The Court does not take judicial notice of the truth of the facts stated in those documents. Defendants' extended and misplaced factual arguments were not simply irrelevant to their Motion, they ultimately made their papers less persuasive.

Plaintiffs oppose judicial notice or consideration of Documents 13-16 because they were not referenced in the Complaint or matters of public record. The Court agrees that

STAYED  JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1891 AG (ANx)** | Date | June 15, 2012 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

Documents 13-16 are not appropriate for judicial notice or consideration. The point is ultimately moot because these Documents are not relevant to the Court's Order.

**MOTION TO DISMISS**

**1.    LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (stating that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations")). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Pollard v. Geo Group, Inc.*, 607 F.3d 583, 585 n.3 (9th Cir. 2010).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *id.*, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Ninth Circuit recently addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1204 (9th Cir. 2011). The *Starr* court held that allegations

| | STAYED | | JS - 6 |
|---|---|---|---|
| | UNITED STATES DISTRICT COURT | | |
| | CENTRAL DISTRICT OF CALIFORNIA | | |

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1891 AG (ANx)** | Date | June 15, 2012 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

"must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . [and] plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id; see also Balderas v. Countrywide Bank, N.A.*, 664 F.3d 787, 790-91 (9th Cir. Dec. 29, 2011) ("Complaints need only allege facts with sufficient specificity to notify defendants of plaintiffs' claims" and "support a theory that is not facially implausible.").

If the Court decides to dismiss a complaint, it must also decide whether to grant leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). A claim may be dismissed with prejudice if "amendment would be futile." *Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007) (citing *Albrecht v. Lund*, 845 F.2d 193, 197 (9th Cir. 1988)).

**2.    ANALYSIS**

Plaintiffs' Complaint alleges two claims for relief: (1) Violations of Section 14(a) of the Securities and Exchange Act of 1934 and SEC Rule 14a-9, and (2) Breach of Fiduciary Duty.

    2.1    Claim One: Violation of Section 14(a)

"To plead a claim under Section 14(a), plaintiff must allege that: (1) defendants made a material misrepresentation or omission in a proxy statement; (2) with the requisite state of mind; and (3) that the proxy statement was the transactional cause of harm of which plaintiff complains." *In re Zoran Corp. Derivative Lit.*, 511 F. Supp. 2d 986, 1015 (N.D.

STAYED  JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1891 AG (ANx)** | Date | June 15, 2012 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

Cal. 2007) (citing *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 384 (1970). "An omitted fact is material if there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976). The Private Securities Litigation Reform Act ("PLSRA") applies to Section 14(a) claims, and requires that the plaintiff "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1).

Here, Defendants claim that Plaintiffs do not satisy the first part of the Section 14(a) analysis because they have not alleged any material misrepresentations or omissions. Plaintiffs allege two basic categories of misleading Proxy statements: (1) the Partnerships' ability to finance new operations, and (2) the value of the Partnerships' Proven and Unproven Reserves. Defendants claim that these statements are not misleading because the relevant facts were either disclosed or were not required to be disclosed. Also, Defendants argue that Plaintiffs' 14(a) claim fail as a whole because it does not comply with PLSRA pleading standards.

The Court will review the misleading statements before analyzing Defendants' PLSRA argument.

      2.1.1   Partnerships' Ability to Finance New Operations

Plaintiffs allege that the Proxies misleadingly represented the Partnerships' ability to finance new operations through borrowing, self-financing, or other means. Defendants argue that the Proxies accurately represented each of these categories of financing to the extent required under the law.

STAYED  JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1891 AG (ANx)** | Date | June 15, 2012 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

First, Defendants argue that the Partnership Agreements and Proxies reveal that it is *true* that the Partnerships could not borrow funds (except for one Partnership Agreement, which was accurately disclosed). Section 6.03 of the Partnership Agreements expressly states: "Notwithstanding any other provision of this Agreement to the contrary, neither the Managing General Partner nor any Affiliate of the Managing General Partner shall have the power or authority to, and shall not, do, perform, or authorize any of the following: (a) Borrow any money in the name or on behalf of the Partnership[.]" (DRJN Ex. 1, at F-25.) In response, Plaintiffs argue that other provisions of the Partnership Agreements expressly contradict this provision, or suggest that alternative forms of borrowing not covered by Section 6.03 were permissible. Alternatively, Plaintiff argue that the Partnership Agreements could have been amended to permit borrowing.

Second, Defendants argue that the Proxies accurately disclosed that self-financing was a possibility. But the thrust of Plaintiffs' argument is not that self-financing was not disclosed, but that it was misleadingly represented as requiring a significant reduction in distributions. Defendants insist that this was also an accurate representation. But Plaintiffs allege that PDC knew it would have enough revenue to invest in new operations *and* pay out significant distributions. Plaintiffs further allege that, contrary to the Proxies' representations, the current reduction in distributions was part of a scheme to convince the Limited Partners that the Partnerships could not bankroll new operations without also reducing distributions.

Finally, Defendants argue that they had no duty to pursue alternative forms of financing. While this may be true, it does not respond to the disclosure-based allegations in the Complaint. Plaintiffs allege that the failure to disclose the possibility of these alternative forms of financing gave a misleading impression that the structure of the Partnership Agreements made them impossible. Whether or not Defendants had a duty to pursue any of these alternative forms of financing is not the point. The point is that the Proxies misled the Limited Partners into believing that the structure of the Partnership Agreements effectively foreclosed alternative forms of operations financing altogether.

STAYED     JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1891 AG (ANx)** | Date | June 15, 2012 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

Accepting as true all factual allegations in the Complaint, and drawing all reasonable inference in favor of Plaintiffs, Plaintiffs' allegations are sufficient to survive Defendants' attacks. *Pollard*, 607 F.3d at 585 n.3. At this stage, Plaintiffs need only plausibly allege that there is a "substantial likelihood that a reasonable shareholder would consider [the omitted financing information] important[.]" *TSC Indus., Inc.*, 426 U.S. at 449. Plaintiffs allegations meet this standard. Plaintiffs claim that the Proxies led them to believe that the Partnerships' structure prohibited financing operations, especially while paying distributions. But Plaintiffs allege that the Partnerships could finance future operations, even while paying a reasonable distribution. There is a substantial likelihood that a reasonable investor would consider this fact important, because that investor might prefer to continue in the Partnership and tap into new sources of oil and gas, rather than cash-out.

Ultimately, Defendants raise questions about Plaintiffs' allegations, but do not convince this Court that those allegations are deficient. Defendants' fact-based arguments are more appropriate for summary judgment, or for the ultimate trier of fact. They are not sufficient to win on a motion to dismiss.

       2.1.2    Proven and Unproven Reserve Valuations

Plaintiffs allege that the Proxies' Proven and Unproven Reserve valuations were misleading because they omitted new sources of oil and gas not previously possible, but now available through new technologies such as horizontal and infill drilling.

Defendants raise several arguments in response. First, Defendants argue that they had no duty to disclose the omitted information because their absence did not make the Proxies misleading. *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002) (the law "prohibit[s] only misleading and untrue statements, not statements that are incomplete") (citations and quotations omitted). In *Brody,* Defendants omitted one solicitation of interest from a proxy statement. *Id*. The Ninth Circuit held that omission

STAYED          JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1891 AG (ANx)** | Date | June 15, 2012 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

was not misleading because the press release as written did not state that no merger was imminent, it simply did not mention anything about a possible merger. *Id.* The Ninth Circuit also rejected the argument that a subsequent proxy was misleading because it stated that the company had received "expressions of interest" from parties seeking to acquire the company, but did not state that it had received three proposals. *Id.* at 1007. The Ninth Circuit concluded that none of these omissions were actionable because they did not "affirmatively create an impression of a state of affairs that differs in a material way from the one that actually exists." *Id.* at 1006 (citations and quotations omitted).

The situation here is different than in *Brody*. Here, Plaintiffs allege that the Proxies stated a valuation that was substantially lower than it would have been if it included the omitted information. Plaintiffs are not alleging, as in *Brody*, that the Proxies simply failed to discuss a material issue. They are alleging that the Proxies' artificially low valuations "affirmatively create[d] an impression of a state of affairs that differ[ed] in a material way from the one that actually exist[ed]." *Id.* at 1006 (citations and quotations omitted). Even if the disclosed valuations were correct in all other material respects, Plaintiffs sufficiently allege that the final valuation picture was misleading because it did not include the omitted production sources.

Unlike the facts alleged here, the weak facts in *Brody* make it an exception to the general rule that materiality is an issue for the factfinder. *See, e.g., TSC Indus., Inc. v. Northway, Inc.,* 426 U.S. 438, 449 (1976). Because materiality "requires "delicate assessments of the inferences a 'reasonable shareholder' would draw from a given set of facts and the significance of those inferences to him," those "assessments are peculiarly ones for the trier of fact." *Id.* at 450 (quoting *Johns Hopkins University v. Hutton*, 422 F.2d 1124, 1129 (4th Cir. 1970). Here, the general rule applies. The determination of whether the omitted information was material involves inferences that should not be decided on a motion to dismiss.

Second, Defendants argue that they had no duty to disclose the information because it

STAYED   JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1891 AG (ANx)** | Date | June 15, 2012 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

was already "readily available" to Plaintiffs via the public domain. *Paskowitz v. Pacific Capital Bancorp*, 2009 WL 4911850, at *6 (C.D. Cal. 2009). Again, whether the omitted valuation information was readily available to Plaintiffs is a fact-intensive issue not appropriate for decision on a motion to dismiss. *See, e.g., United Paperworkers Intern. Union v. International Paper Co.*, 985 F.2d 1190, 1198-99 (2nd Cir. 1980) ("mere presence in the media of sporadic news reports does not give shareholders sufficient notice that proxy solicitation statements sent directly to them by the company may be misleading"). Further, the fact that some information about the additional drilling opportunities was publicized does not mean that all of the relevant valuation information was also made public.

Finally, Defendants argue that the Proxies' catch-all risk disclaimer, stating that the valuations might be higher than estimated, is sufficient to render the omitted information irrelevant. It is not. "To warn that the untoward may occur when the event is contingent is prudent; to caution that it is only possible for the unfavorable events to happen when they have already occurred is deceit." *Huddleston v. Herman & MacLean*, 640 F.2d 534, 544 (5th Cir. 1981). Plaintiffs' allegations support an inference that the omitted information was not contingent or otherwise hypothetical. Rather, it appears that Defendants were well aware of the future drilling opportunities at the time of the Proxies, but simply chose not to include them in the valuations. Plaintiffs further allege–and Defendants do not contest-–that Defendants publicly stated that they intended to take advantage of these opportunities. Nor is the impact of the omitted information speculative. Rather, there is strong inference that the additional drilling sources would increase the valuations to some degree. For example, the Complaint supports an inference that the infill drilling would double the valuations, because it would allow Defendants to roughly double the amount of wells in a given area. Given the apparently non-speculative and non-hypothetical nature of the omitted information, Defendants cannot claim safe harbor in a general risk disclaimer.

       2.1.3   Specificity Under PLSRA

STAYED      JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1891 AG (ANx)** | Date | June 15, 2012 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

Finally, Defendants allege that Plaintiffs generally failed to satisfy the PLSRA by not specifying each statement that Plaintiffs allege to be untrue or misleading, or the reasons why those statements allegedly made the Proxies misleading. Without needlessly repeating the prior analysis, the Court finds that Plaintiffs' allegations are sufficient to satisfy the PLSRA.

        2.1.4   Conclusion

Plaintiffs' Complaint sufficiently alleges all elements of a Section 14(a) claim. It also satisfies the requirements of the PLSRA. Thus, the Court DENIES Defendants' Motion to Dismiss Claim One.

     2.2    Claim Two: Breach of Fiduciary Duty

Defendants do not directly attack Plaintiffs' claim for breach of fiduciary duty. Rather, they allege that this claim should be dismissed for various reasons if Plaintiffs' federal claim for violations of Section 14(a) is dismissed. The Court did not dismiss Plaintiffs' federal claim. Thus, Defendants' arguments against Plaintiffs' second claim are moot. The Court DENIES Defendants' Motion to Dismiss Claim Two.

**3.**    **CONCLUSION**

The Court DENIES Defendants' Motion to Dismiss in its entirety.

**MOTION TO STAY**

In the alternative, Defendants seek a stay of the current case pending resolution of valuation proceedings in West Virginia. The Motion to Stay raises thorny issues of federal law.

STAYED  JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1891 AG (ANx)** | Date | June 15, 2012 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

Defendants cite *Landis v. North American Company*, 299 U.S. 248 (1936) for the proposition that a federal court has the discretion to stay proceedings as a "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254. Applying *Landis,* the Ninth Circuit has held that "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case [but which are not] controlling of the action before the court." *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).

Plaintiffs cite cases flowing from *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) for the proposition that "[a]bstention from the exercise of federal power is . . . an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it," which only applies when deferring to the state court "would clearly serve an important countervailing interest." *Id.* at 813. Although "wise judicial administration" does allow abstention to avoid duplicating a state court's efforts, this is only permissible in "exceptional" circumstances. *Id.* at 817-18. Generally, federal courts have a "virtually unflagging obligation" to exercise jurisdiction despite concurrent federal and state cases. *Id.* at 817.

The Court finds that *Colorado River*, with its appropriate concern for federal jurisdiction, applies to the stay of federal proceedings pending the resolution of a state case, as is the issue here. *See, e.g., Moses H. Cone Mem'l Hosp.*, 460 U.S. at 938 (applying *Colorado River* in the context of a federal-state stay, because a stay was a form of abstention). Indeed, many of the cases that Defendants cite for the proposition that *Landis* applies outside of the federal-federal context contemplate a stay pending *arbitration* or *foreign cases*, not proceedings in state court. *See, e.g., id.* at 938 (noting that under *Landis*, a district court has discretion to stay federal litigation pending arbitration); *Levya v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (finding that under *Landis* a court may stay a Fair Labor Standards Act claim pending arbitration);

STAYED          JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1891 AG (ANx)** | Date | June 15, 2012 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

*Dependable Highway Exp., Inc v. Navigators Ins. Co.*, 498 F.3d 1059, 1068 (2007) (applying *Landis* to stay of federal case pending foreign proceedings).

Applying *Colorado River,* the Ninth Circuit has held that when a case involves exclusive questions of federal law, courts lack *any* discretion to issue a stay in deference to a parallel state court action. *Silberkleit v. Kantrowitz*, 713 F.2d 433, 435-36 (1983) (finding that a "district court has no discretion to stay proceedings as to claims within exclusive federal jurisdiction under the [*Colorado River*] wise judicial administration exception"); *Mach-Tronics, Inc. v. Zirpoli,* 316 F.2d 820, 833 (9th Cir. 1963) ("It would seem to us to be unthinkable that a federal court having exclusive jurisdiction of a treble damage antitrust suit would tie its own hands by a stay of this kind in order to permit a judge of a state court, without a jury, to make a determination which would rob the federal court of full power to determine all of the fact issues before it."); *see also Krieger v. Atheros Comms., Inc*., 776 F. Supp. 2d 1053, 1058 (N.D. Cal. 2011) (refusing to stay claims under the Exchange Act pending state proceedings because "district courts lack discretion to stay proceedings as to claims within exclusive federal jurisdiction.").

Defendants attempt to distinguish *Silberkleit* and *Mach-Tronics* by arguing that those cases deal with abstentions, and are thus "irrelevant to a *Landis* stay.*"* (Supp. Memo supporting Motion to Stay, 2:3.) Defendants' argument misrepresents those cases. Both *Silberkleit* and *Mach-Tronics* deal with a stay similar to the one at issue here. And in each case, the Ninth Circuit explicitly equated that stay with an abstention. *See Mach-Tronics, Inc.,* 316 F.2d at 823 (the doctrine of abstention applies when a "court withholds the further exercise of its authority until the state court might render a judgment"); *Silberkleit*, 713 F.2d at 436 (the distinction between a stay pending state court proceedings and abstention is "immaterial").

Defendants further argue that, unlike *Silberkleit* and *Mach-Tronics*, the valuation proceedings here will not decide this entire case. Again, this misrepresents the caselaw. *Silberkleit* and *Mach-Tronics* did not assume that the state court proceeding would

STAYED  JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1891 AG (ANx)** | Date | June 15, 2012 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

completely resolve the federal proceedings. Rather, those cases explicitly assumed that the state court decision would merely limit unfettered federal jurisdiction over the exclusive federal claims. *See, e.g., Silberkleit*, 713 F.2d at 434 (noting that the state court proceedings might "resolve *or limit*" the issues to be decided in federal court") (emphasis added); *Mach-Tronics, Inc.,* 316 F.2d at 823 (noting that the state court decision might "rob the federal court of full power" to decide all of the facts.). Perversely, if Defendants were correct that the valuation proceeding would have *no* collateral effect on this case, then there would be little practical reason for the stay.

Defendants' attempts to distinguish *Silberkleit* and *Mach-Tronics* are unavailing. Because this case involves exclusive questions of federal law, this Court lacks the power to stay this case pending parallel state court proceedings.

Even if the Court did have discretion to stay this case, three additional factors reinforce this Court's decision to proceed. First, the valuation proceedings may be lengthy. Thus, a stay would substantially delay justice in this case. At the very recent hearing, Plaintiffs informed this Court that the appraisal proceedings are estimated to take over two years, not including the time for any appeal. Despite the fact that the proceedings have been pending for over a year, there has still not been a motion to dismiss filed. If the valuation proceedings become the first battleground for the factual issues underpinning this case, there is a possibility that it will take even longer.

Second, there is reason to believe that the appraisal proceedings would offer limited practical benefit to the proceedings here. Only one of the named Plaintiffs, Plaintiff Rodenfels, is also a plaintiff in the appraisal proceedings. Rodenfels is prepared to give up his appraisal rights and proceed with this case instead. Also, this case is a large putative class action. Were the Court to stay this case, it would potentially delay justice for thousands of class members that are not represented in the appraisal proceedings.

Third, this putative class action is arguably a better forum for the resolution of these

STAYED        JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1891 AG (ANx)** | Date | June 15, 2012 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

claims. As a single plaintiff, Plaintiff Rodenfels will have less resources to devote to the pursuit of his claims than the class would have at their disposal here. Given the complexity of this case, there is ample reason to believe that Rodendels' more limited resources might not be sufficient to adequately flesh out the factual record. This disparity raises additional concerns about allowing the valuation proceeding to stay Plaintiffs' case.

The Court DENIES Defendant' Motion for a Stay.

**DISPOSITION**

The Court DENIES Defendants' Motion to Dismiss.

The Court DENIES Defendants' Motion to Stay.

                                                                                                                               :    0

Initials of Preparer      lmb